Filed 9/29/23  Stahl v. Brannon CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WILLIAM STAHL,<br><br>Petitioner and Appellant,<br><br>v.<br><br>KATHERINE BRANNON,<br><br>Trustee and Respondent. | A161831<br><br>(Solano County Super Ct.<br>No. FPR049636) |

Appellant William Stahl challenges two orders awarding attorney fees to respondent Katherine Brannon, who has moved this court to sanction appellant for filing a frivolous appeal.  The first order, issued on February 26, 2020,[1] accompanied the granting of respondent's motion to expunge a *lis pendens* pursuant to section 405.30 of the Code of Civil Procedure.  The second order, issued on October 5, followed the denial of appellant's petition under Probate Code sections 16420, subdivision (a), and 17200, subdivision (b)(12).  We affirm both orders because the first is not appealable and the probate court acted within its discretion with respect to the second.  However, we decline to impose sanctions on appellant, whose arguments are not so unreasonable as to be frivolous.

---

[1] All subsequent dates refer to the year 2020.

1

## I. BACKGROUND

Respondent is the trustee of the Edward Stahl and Dolores M. Stahl Revocable Trust, whose beneficiaries include her brother, appellant. The trust owns two parcels of real property located on neighboring lots in Vacaville. The legal dispute began when appellant filed a self-styled "petition for enforcement of the terms of the trust, appointment of alternative trustee, appointment of temporary trustee, instructions to trustee, breach of trust, [and] breach of fiduciary duty." (Capitalization omitted.) In that petition, he alleges that respondent had pursued a scheme to sell the real property to her son at a discounted price, thereby breaching her fiduciary duty as a trustee and endangering the interests of the trust's beneficiaries.

Next, appellant recorded a *lis pendens* against the property. Respondent moved to expunge the *lis pendens* and, "in accordance with" Code of Civil Procedure section 405.38, requested that "the court award [her] reasonable attorney fees" and costs in the amounts of $3,150.00 and $130.00, respectively. (Capitalization omitted.) On February 26, the probate court granted respondent's motion to expunge the *lis pendens* and awarded attorney fees as requested.

Between February 26 and October 5, in addition to several declarations, petitioner filed the following four motions: (1) a cross-motion to appoint an agent, a professional fiduciary, receiver or temporary trustee to substitute for the trustee to sell the property; (2) an amended and restated petition for relief from breach of trust and breach of fiduciary duty by trustee (Prob. Code, §§ 16420, subd. (a), 17200, subd. (b)(12)); (3) a request for a declaration of a common fund and a finding of breach of a fiduciary duty due to self-dealing; and (4) a motion to instruct the trustee and enforce the terms

2

of the trust. All four motions were based on the "discounted sale" scheme appellant had alleged in his initial filing.

In turn, respondent filed on September 28 a declaration "summarily and categorically" denying the allegations against her. The declaration further catalogues the various hearings appellant had scheduled or attempted to schedule, notes the delay and expense occasioned by appellant's various motions and petitions, and argues that appellant's allegations concerning a potential "discounted sale" have been rendered moot by the completed sale of the property to disinterested third parties. Finally, the declaration requests an award of $14,641.90 in attorney fees and costs "incurred because of the unnecessary and inappropriate actions of" appellant.

After a contested hearing held on October 5, the probate court denied appellant's amended and restated petition, on "substantive as well as procedural" grounds. The court explained to appellant: "Even if you can overcome the procedural hurdles, that are considerable in this litigation, your pleadings are inadequate to support the relief that you're requesting in your petition. And on that basis your petition is denied." Respondent's request for attorney fees and costs was granted in full.

This appeal followed.

## II. DISCUSSION

### A. The First Order

Appellant argues that the probate court erred in awarding attorney fees to respondent under Code of Civil Procedure section 405.38, in connection with respondent's successful motion to expunge a *lis pendens* appellant had recorded against trust-owned real property. However, as respondent observes, such an order may be reviewed only "by way of a petition for writ of mandate." (*Shah v. McMahon* (2007) 148 Cal.App.4th

526, 529.)  Thus, the issue is not properly raised here, and we affirm on that procedural ground.[2]

## B. <u>The Second Order</u>

Appellant argues that the probate court erred in its October 5 order granting respondent's September 28 request for attorney fees, which was filed in response to appellant's amended and restated petition under Probate Code sections 16420, subdivision (a), and 17200, subdivision (b)(12).  We disagree.

### 1. *Applicable Law and Standard of Review*

"[W]hen a trust beneficiary instigates an unfounded proceeding against the trust in bad faith, a probate court has the equitable power to charge the reasonable and necessary fees incurred by the trustee in opposing the proceeding against that beneficiary's share of the trust estate." (*Rudnick v. Rudnick* (2009) 179 Cal.App.4th 1328, 1335 (*Rudnick*).)  "In fashioning an equitable remedy, the trial court is in the best position to determine whether the criteria for a fee award have been met.  We will not disturb its judgment on this issue unless we are convinced the court abused its discretion. [Citation.]  A trial court abuses its discretion only where its action is clearly wrong and without reasonable basis." (*Powell v. Tagami* (2018) 26 Cal.App.5th 219, 236–237, quoting *Pipefitters Local No. 636 Defined Benefit Plan v. Oakley, Inc.* (2010) 180 Cal.App.4th 1542, 1547–1548.)

---

[2] Appellant argues that this rule does not apply when such an order is made by a probate court, but he cites no caselaw supporting that contention. Moreover, the order awarding attorney fees cites the *lis pendens* provisions of the Code of Civil Procedure six times, making no reference to any other code. In short, there is no reason to imagine that the appealability of the order is controlled by any other authority.

"It is a fundamental principle of appellate review that we presume that a judgment or order is correct.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852[]; see generally 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 349, pp. 394–395.)  Moreover, it is the appellant's burden of providing a record that establishes error, and where the record is silent, we must indulge all intendments and presumptions to support the challenged ruling."  (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1271 (*Laabs*).)  "From these principles, courts have developed the doctrine of implied findings by which the appellate court is required to infer that the trial court made all factual findings necessary to support the order or judgment."[3]  (*Ibid.*)  In short, "even where there are no express findings, we must review the trial court's exercise of discretion based on implied findings that are supported by substantial evidence."  (*Federal Home Loan Mortgage Corp. v. La Conchita Ranch Co.* (1998) 68 Cal.App.4th 856, 860.)

Accordingly, we review the record for substantial evidence supporting the probate court's implied finding that appellant acted in *bad faith* with respect to the proceedings that occasioned the attorney fees at issue here.  (*Rudnick, supra,* 179 Cal.App.4th at p. 1335; see also *Laabs, supra,* 163

---

[3] In his opposition to respondent's motion for appellate sanctions, appellant contends that the standard of review is better described as the "presumption of correctness" than as the " 'doctrine of implied findings,' " a term sometimes reserved for circumstances in which the parties may request a statement of decision under Code of Civil Procedure section 632, which applies to trials rather than motions.  That distinction, however, makes no difference to our analysis because the "absence of a statement of decision [in connection with the court's denial of a motion] does not affect the standard of review.  We presume that the court's order is supported by the record; if there is substantial evidence in the record to support the court's implied finding of fact, the factual finding will be upheld."  (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148, italics omitted.)

Cal.App.4th at p. 1272 [trial court made implied finding that plaintiff brought action in good faith].)

## 2. *The Probate Court Acted Within Its Discretion*

Substantial evidence supports a finding of bad faith. Upon the expungement of the *lis pendens*, the probate court warned appellant: "[T]his is a case where I haven't heard any new facts, and I've heard the recitation of the facts upon which you base your request repeatedly[.] Hearing after hearing, you make the same representation. I don't find that they are good cause to remove the trustee from the Trust . . . ." Rather than heed this warning, appellant pursued for the next several months an amended and restated petition for relief from breach of trust and breach of fiduciary duty by trustee, filed pursuant to Probate Code sections 16420, subdivision (a), and 17200, subdivision (b)(12). Crucially, the principal factual basis for that petition and appellant's initial filing in this matter was the same, concerning respondent's alleged self-dealing attempt to sell trust-owned real property to her son at a discount.

As noted in the declaration respondent filed in anticipation of the October 5 hearing on the latter petition, that hearing was the *eleventh* "either scheduled or attempted to be scheduled by [appellant] since filing his original Trust contest in this matter." Respondent's declaration then lists those 11 hearing dates and observes that appellant had not prevailed at any of them. Appellant was thus forcing respondent to make her eleventh appearance, notwithstanding the fact that "every request made by" appellant had "been denied by the court."

Finally, respondent's declaration notes that as of August 10, the trust had already sold the real property featured in the appellant's allegation of self-dealing, thus rendering moot appellant's arguments in that respect. A

6

September 24 letter to appellant pointed out the mootness of his petition and invited him to withdraw it, so as to avoid "expending unnecessary Trust resources in litigation and attorney's fees." Nevertheless, the October 5 hearing went forward and the probate court predictably held that appellant's "pleadings [were] inadequate to support the relief" he requested.

From this record, it is entirely reasonable to infer that appellant did not expect to prevail on his amended petition, but rather, was pursuing that petition in bad faith. Because substantial evidence supports that implied finding, we conclude that the probate court acted within its discretion in awarding attorney fees to respondent.

## C. <u>Respondent's Motion for Appellate Sanctions</u>

Respondent moves this court to sanction appellant under Rules of Court, rule 8.276, which authorizes us to "impose sanctions, including the award or denial of costs under rule 8.278, on a party or attorney for . . . [t]aking a frivolous appeal or appealing solely to cause delay." "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Importantly, "any definition [of frivolity] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal." (*Ibid.*)

Here, respondent's motion for sanctions asserts the appeal is frivolous. We disagree. Neither respondent's September 28 request for attorney fees nor the probate court's October 5 ruling granting that request contains any express reference to "bad faith." Thus, appellant is "arguably correct" in that

7

a record devoid of the operative words, "bad faith," might lead one to assume that the probate court did not specifically consider this issue. Appellant therefore has a right to present this matter on appeal. While this court ultimately finds there was substantial evidence to support the probate court's finding of bad faith, the record, under the circumstances, cannot support a conclusion that "any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d at p. 650.)

For that reason, we deny the motion for sanctions.[4]

### III. DISPOSITION

We affirm.

---

[4] Respondent's motion for sanctions accompanied a motion to dismiss appellant's "late-filed and meritless Opening Brief." Having previously deferred ruling on both motions, we now deny the motion to dismiss because our holding in the present opinion has rendered it moot.

_____

Langhorne, J. *

We concur:


_____

Simons, Acting P.J.


_____

Burns, J.


_Stahl v. Brannon_ / A161831

_____

\* Judge of the Superior Court of Napa County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9